NEW YORK UNDERWRITERS' INSURANCE COMPANY
*v.* STEWART.

4-3844

Opinion delivered April 29, 1935.

*Verne McMillen,* for appellant.

*Floyd Terral,* for appellees.

JOHNSON, C. J.   This action was instituted by appellees against appellant in the Pulaski Circuit Court to recover damages on a policy of fire insurance theretofore issued by appellant in favor of appellees covering fire hazards upon a certain house owned by appellees by the estate of entirety situated in Little Rock, Arkansas. The complaint prayed judgment for $403.85 as fire damage to the house, a reasonable attorney's fee, 12 per cent. penalty and costs. Appellant answered the complaint thus filed, and admitted the execution of the policy of insurance, but specifically pleaded that appellees participated in the burning of the building.

Upon trial to a jury, the parties stipulated the facts as follows:

"It is hereby stipulated and agreed that plaintiffs, husband and wife, own a certain dwelling house in fee simple free from incumbrance, located at 811 East 24th Street in Little Rock, in an estate by the entirety; that they carried insurance thereon in the sum of $1,000 with defendant company in which policy they were both made beneficiaries; that on or about March 13, 1934, the house was damaged to the extent of $403.85. Plaintiffs, in due time, made proper proof of loss to defendant company on said policy, which was in full force and effect at the time of the fire."

Subsequent to the introduction of the above stipulation, counsel for appellees admitted for the purposes of the trial that they did not and would not controvert the alleged fact that one Holcomb and another burned the building. Thereupon, the parties produced the following testimony, in effect, on the restricted issue of whether or not appellees participated in the burning of the building: Mr. and Mrs. Pearsley, who resided upon adjoining property to that upon which the house burned, testified that on the afternoon preceding the fire they were in conversation with Mrs. Stewart at a point near the burned house when they saw Holcomb debark from a street car and proceed by the property which was subsequently burned; that Mrs. Stewart remarked that the

man probably wished to rent the house, and proceeded to her home. Otho Holcomb, who admitted setting the house on fire, testified he was induced to do so by one Whitley who paid him thirty-five or forty dollars to burn the house; that on the afternoon preceding the fire he and Whitley went to the vicinity of the house to be burned, and at Whitley's suggestion witness viewed the house and surroundings while Whitley waited a short distance away; that, after he viewed the property, he and Whitley proceeded to the home of Mrs. Stewart, a short distance away, and upon arrival there he was introduced to Mrs. Stewart by Whitley and a Mrs. Clark; that Whitley and Mrs. Stewart had a short but private conversation in Mrs. Stewart's home, and at the conclusion of which witness, Whitley, Mrs. Stewart and Mrs. Clark proceeded to the down town district of Little Rock in Mrs. Clark's automobile; that, upon arrival at 4th and Main streets, Mrs. Stewart left the car and proceeded to her bank; witness and Whitley waited for Mrs. Stewart's return from the bank on opposite corners at 4th and Main streets; upon Mrs. Stewart's return from the bank, she and Whitley had a short conversation. Mrs. Clark testified that she had known Mrs. Stewart about fifteen years, and had known Whitley two or three years. Whitley had boarded at her house for a few weeks.

The testimony further reflected that Holcomb appeared at the scene of the fire confessing his guilt and gave himself up to the officers, and immediately thereafter Mrs. Stewart made the following remark to certain parties present at the fire:

"What did that man mean, he said, 'Don't worry about me, Mrs. Stewart; I will be all right'; and she said, 'I never saw the man before in my life'."

The testimony further reflected that the house destroyed by fire was not of value in excess of $500.

At the close of the testimony, the court directed the jury to return a verdict in favor of appellees, from which this appeal comes.

It is the established law in this State that a verdict should not be directed by the trial court except in cases where, conceding the credibility of the witnesses testify-

ing and giving full effect to all legitimate inferences deducible therefrom, it is plain and certain that the parties directed against cannot recover. *St. Louis, S. F. Ry. Co. v. Pearson,* 170 Ark. 842, 281 S. W. 910. *Graysonia, Nashville Lbr. Co. v. Carroll,* 102 Ark. 160, 143 S. W. 923.

The testimony here presented, when measured by the rule just stated, presents a question of fact for the jury's consideration and judgment. We are unwilling to say that, had the jury, under proper instructions, determined that Mrs. Stewart participated with Holcomb and his confederates in the burning of this building, such finding would have been without substantial testimony to support it.

For the error indicated, the cause is reversed and remanded with directions to proceed not inconsistent with this opinion.